USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/17/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VIDALCO INTERNATIONAL LLC,

        Plaintiff,

-v-

3 G's VINO LLC,

        Defendant.

---

16 Civ. 5241 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

Before the Court is the October 4, 2017 Report and Recommendation of Magistrate Judge Kevin Nathaniel Fox recommending that the Court award no damages to plaintiff Vidalco International, LLC ("Vidalco") on the basis that Vidalco provided inadequate evidence of damages. *See* Dkt. 24 (the "Report"). Vidalco timely objected to the Report and offered supplemental inquest documentation. For the following reasons, the Court accepts Vidalco's objections and respectfully instructs Magistrate Judge Fox to (1) receive into evidence Vidalco's supplemental documentation; (2) reconsider Vidalco's motion for damages, upon review of the additional evidence; and (3) provide the Court with a Report and Recommendation in light of Vidalco's supplemental evidence.

**I. Background**

On July 1, 2016, Vidalco, a wine importer, commenced this action against defendant 3 G's Vino LLC ("3 G's Vino"), a wholesale wine distributor, asserting causes of action for (1) "goods sold and delivered"; (2) breach of contract; (3) account stated; and (4) "quantum meruit in alternative." *See* Dkt. 4 ("Complaint"). 3 G's Vino never filed an answer or notice of appearance.

On August 18, 2016, Vidalco obtained a clerk's certificate of default, Dkt. 10, and on August 19, 2016, moved for an order of default, Dkt. 19. On August 22, 2016, this Court issued an order to show cause why default judgment should not be granted. Dkt. 14. On October 14, 2016, the Court entered a default judgment against 3 G's Vino. Dkt. 17. On December 30, 2016, the Court referred this case to Magistrate Judge Fox for an inquest into damages. Dkt. 18.

On October 4, 2017, Magistrate Judge Fox issued the Report currently under review. Before Magistrate Judge Fox, Vidalco submitted two pieces of evidence that addressed the issue of damages: (1) a declaration from Constantin Zamfirescu, President and CEO of Vidalco, averring that "[o]n or about February 9, 2016 an account was stated by plaintiff to defendant in the amount of $101,079.88," Dkt. 22; and (2) a document styled "Vidalco International LLC Customer Open Balance All Transactions," reflecting an "[o]pen [b]alance" of $101,079.88 and an "[a]mount" of $179,188.96, Dkt. 22-2. The Report concludes that Vidalco's submissions do not provide sufficient information to enable the Court to establish damages with reasonable certainty. The Report therefore recommends an award of no damages.

The deadline for parties to file objections to the Report was October 18, 2017. On October 17, 2017, Vidalco timely objected. It moved for reconsideration and to re-open the inquest to consider additional documentary evidence. *See* Dkt. 25 ("Objections"). In support of its motion, it submitted new documentary evidence, including supplemental declarations; underlying invoices from Vidalco to 3 G's Vino documenting wine shipments; several credit memoranda reflecting returns made to the account for which 3 G's Vino's account was credited; and a May 2, 2016 email sent from Vidalco to 3 G's Vino attaching the invoices, credit memoranda, and accounting records showing the balance owed. *See id.* Vidalco moves this Court for an order reopening and reconsidering the inquest for the purpose of considering the

2

additional documentary evidence, or, alternatively, scheduling an evidentiary hearing or rejecting the Report and receiving and considering Vidalco's additional documentary evidence of damages.

II. **Discussion**

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Hill v. West*, 599 F. Supp. 2d 371, 378 (W.D.N.Y. 2009); *see also* 28 U.S.C. § 636(b)(1)(C). Because the Report is dispositive of Vidalco's claims for damages, the Court reviews it *de novo*. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also Cohen v. City of New York*, No. 05 Civ. 6780, 2007 WL 2789272, at *3 (S.D.N.Y. Sept. 25, 2007) ("[D]istrict courts generally apply *de novo* review to magistrate orders that restrict the damages that a party may recover . . . ."). In an inquest for damages, "plaintiff is entitled to all reasonable inferences from the evidence it offers," but the Court "should take the necessary steps to establish damages with reasonable certainty." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997).

The Report correctly determines, based on the record before Magistrate Judge Fox at the time the Report was issued, that the Court should award no damages to Vidalco. While Vidalco's allegations in the Complaint, taken as true, sufficiently state claims for relief, Vidalco's prior submissions at the inquest stage are deficient in several respects. For example, Vidalco seeks damages for, *inter alia*, account stated, but the only documentary evidence it submitted is a one-page exhibit reflecting an "[a]mount" of $179,188.96 and an "[o]pen [b]alance" of $101,079.88. Dkt. 22-2. Vidalco does not clarify the meaning or significance of these terms. And although Vidalco makes clear that it is seeking damages in an amount equal to

3

the open balance—$101,079.88—its submissions do not clarify how Vidalco arrived at this figure or why it differs from the "[a]mount" figure by more than $78,000. There is no evidence specifying whether, and to what extent, 3 G's Vino made any payments in connection with the invoices. Indeed, Vidalco did not initially submit the underlying unpaid invoices or any record of credits received in connection with 3 G's Vino's account with Vidalco. In short, the Report correctly concludes—based on the then-available evidence—that Vidalco failed to "submit sufficient evidence in the form of detailed affidavits and other documentary materials to enable the district court to 'establish damages with reasonable certainty.'" *Nat'l Photo Grp., LLC v. Bigstar Entm't, Inc.*, No. 13 Civ. 5467, 2014 WL 1396543, at *2 (S.D.N.Y. Apr. 11, 2014) (quoting *Transatlantic Marine Claims Agency*, 109 F.3d at 111.

Given the record presented to Magistrate Judge Fox at the time of the inquest into damages, the Court would have had ample reason to adopt the Report in full. However, as part of its Objections, Vidalco submits several additional documents previously missing from the inquest record. These documents include supplemental declarations from Zamfirescu, underlying unpaid invoices, several memoranda reflecting amounts credited to 3 G's Vino's account with Vidalco, and a May 2016 email exchange between Zamfirescu and defendant regarding the invoices, credit memoranda, and accounting records and reflecting the balance due. *See* Dkts. 25, 25-1, 25-2, 25-5, 25-6, 25-7, 25-8.

The Court, in its discretion, may allow supplementation of the record, *see Hynes v. Squillace*, 143 F.3d 653 (2d Cir. 1998), and may return a matter to the magistrate judge for reconsideration in light of supplemental evidence, *see Euro Pacific Capital Inc. v. Bohai Pharmaceuticals Group, Inc.*, 2018 WL 1596192, at *1 (S.D.N.Y. Mar. 28, 2018) (adopting updated damages inquest report and recommendation after supplementing the record and

4

returning matter to magistrate judge for further consideration given new evidence). In light of this newly submitted evidence, the Court will provide Vidalco an opportunity to supplement the record with respect to damages. The Court will return this matter to Magistrate Judge Fox with instructions to (1) receive into evidence the Declaration of Bernard D'Orazio, Dkt. 25-1, the Supplemental Declaration of Constantin Zamfirescu, Dkt. 25-2, invoices from Vidalco to 3 G's Vino, Dkt. 25-5, credit memoranda from Vidalco to 3 G's Vino, Dkt. 25-6, and the May 2016 email exchange between Vidalco and 3 G's Vino, Dkt. 25-7; (2) reconsider Vidalco's motion for damages, upon review of the additional evidence; and (3) provide the Court with an updated Report and Recommendation.

## CONCLUSION

Accordingly, it is hereby ordered that the objections of plaintiff Vidalco to the Report are accepted. The Court respectfully instructs Magistrate Judge Fox to receive Vidalco's supplemental documentation into evidence; reconsider the motion for damages, upon the new record as amended above; and issue a revised Report and Recommendation, consistent with the foregoing instructions.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: October 17, 2018
 New York, New York

5